IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | § | |
| | § | |
| Plaintiff, | § | C.A. No. 6:20-cv-178-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON | § | |
| SEMICONDUCTOR PRODUCTS, INC., and | § | |
| MICRON TECHNOLOGY TEXAS, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**JOINT MOTION TO STAY**

Plaintiff IP Bridge Godo Kaisha 1 ("IP Bridge") and Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC (collectively, "Micron") jointly move to stay this matter until the completion of any appeals of the Final Written Decisions in IPR Nos. 2020-01007, IPR2020-01008, and IPR2020-01009.

On December 1, 2, and 6, 2021, the Patent Trial and Appeal Board ("PTAB") issued Final Written Decisions finding unpatentable the asserted claims of U.S. Patent Nos. 6,424,041, 6,445,047, and 6,747,320.  A fourth asserted patent, U.S. Patent No. 7,189,616, was not subject to an IPR.  The PTAB has now found nine out of ten asserted claims unpatentable.  Trial is currently scheduled to commence January 18, 2022.  The parties agree that this case should be stayed in its entirety pending resolution of any appeals of the Final Written Decisions, or the expiration of the time for seeking judicial review.

As this Court explained in *Kirsch Research & Development., LLC v. IKO Industries., Inc.*:

> A district court has the inherent power to control its own docket, including the power to stay proceedings before it. … In particular, the question whether to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion. … A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.

No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 5, 2021) (staying case pending instituted *inter partes* review) (internal citations ellipsed and quotations removed). "'District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.'"  *Id.* at *2 (quoting *NFC Tech. LLC v.*

*HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation)).

Here, the simplification of the issues "overwhelms" the other two factors and favors a stay. *Kirsch*, 2021 WL 4555610, at *3. If the Final Written Decisions are upheld on appeal, those claims will be cancelled and the parties will not need to try those claims to the jury. Further, by staying the litigation now, the Court will not need to decide multiple pending motions, many of which address issues that are common to both the claims found unpatentable and the claim of the '616 patent that was not subject to IPR. Moreover, IP Bridge will not suffer any undue prejudice from a stay in this particular case, as it does not oppose the stay under the circumstances here.

Thus, to avoid wasting the Court's time and resources, the jurors' time and resources, and the parties' time and resources, the parties jointly request that the Court stay this case pending completion of any appeals from the Final Written Decisions.

Dated:  December 7, 2021

/s/ B. Russell Horton
B. Russell Horton
GEORGE BROTHERS KINCAID &
HORTON LLP
TX State Bar No. 10014450
114 West 7th Street, Suite 1100
Austin, Texas 78701
Telephone: (512) 495-1400
rhorton@gbkh.com

James R. Batchelder
Andrew N. Thomases
Andrew T. Radsch
ROPES & GRAY LLP
1900 University Avenue
East Palo Alto, CA 94303-2284
Tel: 650-617-4000
Fax: 650-617-4090
James.Batchelder@ropesgray.com
Andrew.Thomases@ropesgray.com
Andrew.Radsch@ropesgray.com

Han Xu
ROPES & GRAY LLP
JP Tower 30F, 2-7-2, Marunouchi
Chiyoda-ku, Tokyo 100-7030, Japan
Tel: 81 3 6259 3524
Fax: 81 3 6259 3595
Han.Xu@ropesgray.com

Hyun-Joong (Daniel) Kim
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Daniel.Kim@ropesgray.com

Allen S. Cross
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Allen.Cross@ropesgray.com

*Attorneys for Plaintiff*
GODO KAISHA IP BRIDGE 1.


*/s/ Jason Lang*
Jared Bobrow (CA State Bar No. 133712)
Jason Lang (CA State Bar No. 255642)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
Fax: (650) 614-7401
jbobrow@orrick.com
jlang@orrick.com

Claudia Wilson Frost
State Bar No. 21671300
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002
Tel: (713) 658-6400
Fax: (713) 658-6400
cfrost@orrick.com

Kristina McKenna (MA State Bar No. 706245)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkley St., Suite 2000
Boston, MA 02116
Tel: (617) 880-2214
Fax: (617) 880-1801
kmckenna@orrick.com

*Attorneys for Defendants Micron Technology,*
*Inc., Micron Semiconductor Products, Inc., and*
*Micron Technology Texas, LLC*


### CERTIFICATE OF SERVICE

The undersigned certifies that on December 7, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

*/s/ B. Russell Horton*
B. Russell Horton